### SOMMER & MACA GLASS MACHINERY CORPORATION v. HOWE–SIMPSON, Inc.

### No. 347.

District Court, S. D. Ohio, E. D.

March 15, 1943.

Wallace & Cannon, of Chicago, Ill., and Warren H. F. Schmieding, of Columbus, Ohio, for plaintiff.

W. S. Babcock, of Columbus, Ohio, for defendant.

UNDERWOOD, District Judge.

This cause came on for consideration by the court upon the bill of particulars filed herein by the plaintiff and th objec-tions of the defendant filed thereto. In view of the importance of the question and the peculiar circumstances shown by the pleadings, the court deems it expedient to discuss the matter at some length and to give full consideration to the pleadings insofar as they have bearing upon the present question.

Paragraph "V" of plaintiff's complaint alleges:

"Defendant, Howe-Simpson, Inc., has infringed and is infringing, said Letters Patent No. 1,833,898 by manufacturing and selling in the Southern Judicial District of Ohio, Eastern Division, and by selling elsewhere in the United States, glass and other ceramic material drilling machines embodying the invention and subject matter of said Letters Patent No. 1,833,-898 and claims thereof, without the license or consent of the plaintiff, and will continue to infringe said Letters Patent No. 1,833,898 unless enjoined by this Court from so doing;"

Thereafter, the defendant filed its motion for further and better particulars of plaintiff's claim. The motion sought to require the plaintiff to:

"1—Specify and suitably identify each and every glass and other ceramic material drilling machine alleged in paragraph V of the Bill of Complaint, to be manufactured and/or sold by defendant and containing the alleged improvements embodied in the Letters Patent alleged to have been infringed and state when, to whom and where such machines were sold.

"2—File in this Court or furnish to defendant a sample of each such glass or other ceramic material drilling machine of defendant so alleged to contain the improvements embodied in said Letters Patent, and permit the same to be suitably marked for identifications.

"3—Specify each claim of the patent alleged to be infringed, that Plaintiff will rely upon to establish infringement by each such glass or other ceramic material drilling machine specified in answer to paragraphs 1 and 2 hereof."

On April 21, 1941, the plaintiff filed a memorandum making the following representations:

"The plaintiff has no objection to complying with the defendant's aforesaid motion for a bill of particulars, with the possible exception of paragraph 2 of said

motion, * * *". (Page 2, last paragraph.)

Concerning said paragraph 2 of the motion, plaintiff made no objection to furnishing the "alleged infringing drill", but made some suggestions as to where it should be kept. These questions with regard to the keeping of the "infringing drill" were worked out by counsel and no longer present any problem.

In the second paragraph on page 3 of the same memorandum, plaintiff further represents:

"Plaintiff is entirely agreeable to answering the above quoted paragraphs 1 and 3 of the defendant's motion for the proposed bill of particulars, which paragraphs call upon the plaintiff to identify every glass and other ceramic drilling machine charged to infringe the patent in suit, and the claims thereof upon which the plaintiff will rely at the trial."

In concluding the memorandum, plaintiff adds on page 4 thereof:

"It is submitted, therefore, that an order should be entered substantially as follows:

"1—Calling on the plaintiff to file a bill of particulars setting forth the information called for in paragraphs 1 and 3 of the defendant's 'Motion for Further and Better Particulars of Plaintiff's Claim'".

Therefore, to this point, there was no dispute between the parties as to furnishing the information required by the first and third paragraphs of the motion; both agreed that it was proper and should be furnished. The court so found, and filed a memorandum to that effect on October 21, 1941.

On October 31, 1941, plaintiff filed its bill of particulars, containing the following:

"1—In answer to Paragraph 1 of defendant's aforesaid request for a bill of particulars, which reads: 'Specify and suitably identify each and every glass and other ceramic material drilling machine, alleged in paragraph V of the Bill of Complaint, to be manufactured and/or sold by Defendant and containing the alleged improvements embodied in the Letters Patent alleged to have been infringed and state when, to whom and where such machines were sold,' plaintiff states as follows:

"Without limiting itself thereto and without waiving any right or rights relative to any other glass or other ceramic material drilling machine which the defendant, or those holding by, through or under the defendant, or acting in behalf of the defendant, may have manufactured or sold prior or subsequent thereto, and as to which the plaintiff is not now informed but as to which plaintiff may hereafter be informed, plaintiff states that the so-called 'H. S. Standard Kit No. 29' which was filed in the office of the Clerk of the United States District Court at Columbus, Ohio, on May 9, 1941, and which by agreement between counsel, was marked 'Plaintiff's Exhibit No. 4 for Identification', contains or embodies a glass and other ceramic material drilling machine of the character referred to in paragraph V of the complaint, as manufactured and/or sold by the defendant and therein charged to infringe Letters Patent No. 1,833,898, in suit, and that said 'H. S. Standard Kit No. 29', (Plaintiff's Exhibit No. 4 for Identification), containing or embodying the glass or other ceramic material drilling machine which is charged to infringe Letters Patent No. 1,833,898, in suit, was sold and delivered by the defendant, in the City of Columbus, Ohio on or about February 14, 1941, to Mr. Edgar C. Hill, whose address is 244 North 4th Street, Columbus, Ohio, by whom it was delivered to the plaintiff:"

*     *     *     *     *

"3—Paragraph 3 of the defendant's 'Motion for Further and Better Particulars of Plaintiff's Claim', reads as follows:

" 'Specify each claim of the patent alleged to be infringed, that Plaintiff will rely upon to establish infringement by each such glass or other ceramic material drilling machine specified in answer to paragraphs 1 and 2 hereof.'

"Answering the aforesaid Paragraph 3 of defendant's 'Motion for Further and Better Particulars of Plaintiff's Claim', and without waiving any of its rights as to any other glass or other ceramic drilling machine which the defendant, or those acting by, through, or under the defendant, or acting for or in behalf of the defendant, may have manufactured or sold prior or subsequent thereto, and as to which the plaintiff is not now informed, but as to which the plaintiff may hereafter be informed, plaintiff states that the glass and other ceramic material (sic.) drilling machine contained or embodied in

the aforesaid 'H. S. Standard Kit No. 29' (Plaintiff's Exhibit No. 4 for Identification), which is now on file in the office of the Clerk of the United States District Court at Columbus, Ohio, infringes the following claims of patent No. 1,833,898, in suit, namely, claims 7, 8, and 10, and that as to the ceramic material drilling machine which is contained or embodied in the said 'H. S. Standard Kit No. 29' (Plaintiff's Exhibit No. 4 for Identification) plaintiff at the trial of this case will rely upon the aforesaid claims 7, 8, and 10 of the Letters Patent No. 1,833,898 in suit."

The defendant filed its answer, without reservation, on November 12, 1941, having raised no objection to the bill of particulars filed by the plaintiff. Thereafter, the defendant filed a motion for summary judgment and subsequently thereto, on April 30, 1942, filed a paper styled "Defendant's Objections to Plaintiff's Bill of Particulars." In its objections, the defendant asserts that the plaintiff has not complied with the ruling of the Court with respect to such bill of particulars and is now estopped to put in issue any device except Plaintiff's Exhibit No. 4, or any claims of said patent except 7, 8, and 10. It is requested that the court so rule. Memoranda have been filed and the plaintiff takes the position that the objections of the defendant come too late.

The court is of the opinion that any objections of the defendant to the bill of particulars should have been filed long ago, and perhaps the defendant may not now, as a matter of right, insist upon the relief sought. That, however, in view of the remainder of this memorandum, becomes more or less immaterial; but for the purpose of the record, said objections will be overruled. This does not, in the opinion of the court, dispose of the question of the sufficiency of the bill of particulars filed by the plaintiff herein. It is the attitude of the court that the plaintiff should have full opportunity to present its case adequately but that the court has the right to insist that its rulings be heeded and that some reasonable limits should be imposed upon the issues of the case.

In its complaint, the plaintiff broadly alleged its ownership of certain letters patent and infringement by the defendant. The defendant moved for a bill of particulars which in plain words demanded to know specifically what devices were claimed to infringe the claims of the patent in issue; what specific claims were infringed; and that it be supplied with a sample of the infringing devices. Plaintiff agreed in its memorandum, that an order should be entered to require the information and the court so ruled.

The purpose of the motion for a bill of particulars was to limit the scope of the issues for trial in this case to the particular device or devices claimed by the plaintiff to have infringed and the claims alleged to have been infringed thereby. Plaintiff, in its own memorandum, has succinctly stated the purpose and intent of the first and third paragraphs of said motion for a bill of particulars, in the following apt words:

" * * * which paragraphs call upon the plaintiff to identify every glass and other ceramic drilling machine charged to infringe the patent in suit, and the claims thereof upon which the plaintiff will rely at the trial."

The phrasing of the motion was unequivocal and called for a bill of particulars of that character. That is not the kind of a bill of particulars filed. The statements filed do not meet the requirements of the ruling of the court, and without regard to any possible right that the defendant may have at this time, the court is of the opinion that it is entitled to insist upon compliance with the ruling based upon direct representations of willingness on the part of the plaintiff.

It will be ordered that the plaintiff, within ten days from the date hereof, file an amended bill of particulars in conformity with the ruling of this court, and which will effectively limit the issues for trial to the actual contentions of the plaintiff.

Order accordingly.